PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2003 Plarley Davidson motorcycle struck a hole on Hunter Road in Charleston, Kanawha County. Hunter Road is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 2:00 p.m. on April 19, 2010. Blunter Road is, at the site of the incident, a one-lane paved road, approximately ten feet wide, without lane lines or markings. The speed limit was 30 miles per hour. At the time of the incident the weather was sunny and Claimant Darrell Spurlock was riding his motorcycle home. Mr. Spurlock testified that he was riding at approximately 25 miles per hour when a Pontiac Grand Am suddenly appeared around a curve 20 feet in front of him, coming in the opposite direction at approximately 30 miles per hour. Mr. Spurlock further testified that the oncoming vehicle remained in the middle of the one-lane road, forcing him to ride to the right edge of the pavement although he knew there to be a hole in the roadway, approximately a foot wide and ten inches deep. Otherwise he risked leaving the roadway entirely and loosing control of his vehicle. Claimant’s motorcycle struck the hole, resulting in damage to the front rim, tire, and tube, requiring their replacement in the amount of $871.22. Since Claimant’s insurance deductible is $250.00, Claimant’s recovery is limited to that amount.
It is Claimant’s position that Respondent knew or should have known about the defect in the pavement on Hunter Road which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain Hunter Road prior to the incident.
The position of the Respondent is that it did not have actual or constructive notice of the condition on Hunter Road at the time of the incident. Respondent presented no witnesses.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or *247 constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the condition on Hunter Road. Since a large defect in the pavement on a one-lane road created a hazard to the traveling public, the Court finds Respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $250.00.
Award of $250.00.